### WILLIAM KENDALL *versus* GEORGE IRVING & *ux.*

An officer made return of an attachment of real estate as follows : — "By virtue of this precept, I have attached all the right, title, interest, estate, claim and demand of every name and nature that the within named defendant has to any and all real estate in the county of Lincoln ; and within five days I put into the post-office at Bath, directed to the register of deeds, at Wiscasset, an attested copy of so much of this return as relates to said attachment, with the names of the parties in the writ, the sum sued for, the date of the writ and the court to which the same is returnable," &c. — *Held*, that the return was in its *form* sufficient to answer the requirements of law.

It is not necessary for the officer personally to carry the copy of his return to the register's office ; but it must be "lodged" there, or the attachment is not perfected and the lien created.

The certificate of the register of deeds, in these words, — "Writ — Samuel Kendall *v.* Richard Look, dated Nov. 21, 1850. Attachment dated Nov. 30th, 1850. Recorded Dec. 30th, 1850," — is not sufficient proof that the copy of the return of an attachment of real estate was *lodged* in the register's office.

ON EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding. This was a writ of entry. Plea, general issue.

The land in controversy was formerly, with lands adjoining, the estate of Richard Look, who conveyed said estate to E. J. Oliver by deed, March 12, 1850. It lies in Georgetown. The plaintiff's ancestor, Samuel Kendall, deceased, under whom he claimed by inheritance, attempted to make an attachment of the land Dec. 2d, 1850. The officer's return set forth that on that day he "attached all the right, title, &c., that the said Look had at that time to any and all real estate in the county of Lincoln ;" " and, within five days, I put into the post-office at Bath, directed to the register of deeds at Wiscasset, an attested copy of so much of this return as relates to said attachment," &c. ; but the return does not show that the copy was actually filed in the register's office.

The plaintiff put into the case a copy of the register's certificate in these words : —

"Writ. *Samuel Kendall* v. *Richard Look*, dated Nov. 21st, 1850. Attachment dated Nov. 30th, 1850. Recorded Dec. 30th, 1850.             "Asa F. Hall, Register."

This was objected to and admitted. In the suit of *Samuel*

*Kendall* v. *Look*, the plaintiff recovered judgment, and on the 6th of Feb., 1852, seasonably made his levy on the land demanded, it being all appraised and set off in one body.

It was contended on the part of the plaintiff, that E. J. Oliver, after the conveyance to him by Look, had, before the date of the attachment, conveyed to Look that part of the land, as to which the jury found for the plaintiff; and evidence was introduced to show that such a conveyance had been made by a deed lost or destroyed, unregistered.

The respondents claimed to hold that part recovered by the verdict, under a deed from Oliver to the defendant's wife, dated April 12th, 1852. Mrs. Irving also held a deed from Look, dated Oct. 11th, 1851, conveying the same premises. But neither of the defendants had any title to the residue of the land embraced in the levy and named in the declaration. Neither had Look any title to that remaining portion on the day of the attachment, or at any time afterwards.

The presiding Judge ruled that the attachment was good, and instructed the jury that they might consider that the levy was good, and would take effect from the date of the attachment; so that if they found that Oliver had conveyed a portion of the land levied on by Samuel Kendall, before the attachment was made, he would thus have a title to that portion paramount to the title of Mrs. Irving. The jury found for demandant. To these rulings and instructions the respondents excepted.

*Tallman*, for plaintiff.

*W. Gilbert*, for defendants.

TENNEY, C. J.—It was a disputed question at the trial, whether any lien upon the premises was created by an attachment upon the original writ, in the action of Samuel Kendall, the demandant's ancestor, against Richard Look. That writ was dated Nov. 21, 1850, and the return of attachment of all real estate in the county, is under date of Dec. 2, 1850. If the affirmative of this question is established, the demandant obtained a title, by the levy of the execution, issued upon

the judgment in that action, and the death of his ancestor; if otherwise, the title of the female tenant, under the deed from Richard Look to her of Oct. 10, 1851, must prevail.

It is provided in R. S., c. 114, § 32, that "no attachment of real estate on mesne process, shall be deemed and considered, as creating any lien on such estate, unless the officer making such attachment, within five days thereafter, shall file in the office of the register of deeds in the county or district in which all or any part of said lands are situated, an attested copy of so much of the return, made by him on the writ, as relates to the attachment, together with the names of the parties, the sums sued for, the date of the writ, and the court to which it is returnable, except as mentioned in the 34th section of this chapter." Sect. 34, of c. 114, is as follows:—"But if the attested copy of the return, on the writ made, shall be lodged in the office of the register of deeds, as mentioned in the thirty-second section of this chapter, then the attachment shall take effect from the time it was made; otherwise, it shall take effect from the time when such copy of the return is so deposited in the registry of deeds, notwithstanding it may be after the summons or copy was served on the defendant."

The copy of the return, which the officer certifies that he put into the office at Bath, directed to the register of deeds at Wiscasset, is, in its form, sufficient to answer the requirement of the law; but the return upon the writ fails to show, what is equally essential to create a lien on the property, that this was filed in the office of the register of deeds. Unless it appears, that the attested copy of the return, referred to by the officer, was seasonably lodged in the register's office, the attachment cannot be regarded as perfected, and the lien created.

From the language of sect. 34, it is not made necessary that the officer should personally carry the copy to the register's office; but it must be lodged there, or the property, returned upon the writ, if real estate, is not holden by the attachment.

The paper, purporting to be signed by Asa F. Hall as reg-

ister, does not conclusively prove that the copy of the return, as certified by the officer as having been put into the post-office at Bath, was ever lodged in the register's office at Wiscasset; or that any such copy was lodged there. It does not upon its face purport to be a copy of such a copy as that described by the officer in his return; neither is it to be treated as a certificate, that such copy had been lodged in his office. It is not a statement, by the person who signed it, that the copy so described, or any paper, was in the register's office. If the words, "attachment dated Nov. 30, 1850," were intended to refer to the copy of the return on the "writ, *Samuel Kendall* v. *Richard Look*, dated Nov. 21, 1850," it is contradictory to the certificate of the officer in his return, which is dated Dec. 2, 1850.

The words appearing upon the paper, bearing the name of the register, are not that clear and conclusive proof, that the copy of the return required to be filed, lodged or deposited in the register's office, in order to perfect a lien on real estate, which the Court can pronounce, as matter of law, sufficient to render the attachment good.

If the copy, attested by the officer, reached the register's office, it is the evidence, with proof of the time when it was lodged there, from which the Court is to judge whether a lien upon the property returned as attached was created. And if the copy, which the officer certifies that he put into the post-office, was filed in the register's office, it is there at this time; and if it is the one which the officer refers to and describes, it is sufficient to create a lien upon the premises. But when this question can be determined with absolute certainty, it is not wise that the Court, which is to decide the matter as a question of law, should settle the rights of the parties, by proof, defective in itself, and which may lead to erroneous results.

*Exceptions sustained, verdict set aside, and new trial granted.*

RICE, APPLETON, CUTTING and MAY, J. J., concurred.